Lee, J.
This is a case of unlawful detainer from the county of Wood. The warrant was sued out on the 18th of January 1848, by the defendant in error against the plaintiff, for the recovery of a tract of one hundred and sixty acres of land in that county. It was duly served upon the defendants therein named; and an appearance having been entered on the 24th of February 1848, a jury was empanneled for the trial of the cause. During its progress sundry bills of exception were taken by the defendants in the action, (Emerick and Alton) to the opinions and rulings of the court, and the jury having found a verdict in their favor, the plaintiff (Tavener) moved the court to set it aside and grant him a new trial upon the ground that it was contrary to the evidence and to the instructions given by the court; and this being refused by the court, he excepted to the opinion of the court. Judgment having been rendered upon the verdict, Tavener then applied for and obtained a supersedeas from. the Circuit court of Wood county; and upon a hearing in that court the court was of opinion that the judgment of the county court was erroneous; first, in giving the six instructions which it did give out of the nine asked for by defendants, and secondly, in overruling the motion for a new trial. The judgment was accordingly reversed, the verdict set aside and a new trial granted upon the principles indicated.in the opinion of the Circuit court; and to this judgment from the Circuit court the defendants have obtained a supersedeas from this court.
The questions presented by the record are numerous, though several of them resolve themselves into one, and they will be considered in the order in which they appear to have been raised upon the trial in the County court.
The first is that presented by the first instruction asked for by the defendants and given by the court. *223 If this could bG construed to mean merely that the jury must be satisfied from the evidence that the defendant Emerick was, at the time of the institution the suit, in the possession of some part of the premises claimed, either actually and directly, or by legal intendment, it might be free from objection. But considered in connection with the evidence, it seems clear that it raises and it may be presumed was intended to raise the question (presented in several different forms upon the record) as to the effect of the deed from Emerick to Alton, and his transfer of the possession to him upon the relations in which Emerick stood to his landlord, Tavener; and it must be construed as an instruction to the jury, that if Alton held the actual possession of the land conveyed to him by Emerick at the institution of the suit, as to that Emerick was not responsible to the plaintiff in this action; and the correctness of this conclusion is thus presented for our consideration.
The doctrine is well settled that if a privity of estate have existed between parties to ah action, proof of title is ordinarily unnecessary; for a party is not permitted to dispute the original title of him by whom he has been let into possession. A tenant cannot be permitted to question or impugn the title of his landlord during the continuance of the tenancy, nor until he has restored the possession or done what would be regarded as equivalent; nor can he be permitted to deny that the possession so received was the possession of his landlord. And the rule is extended to the case of a tenant acquiring the possession by wrong against the owner, and to one holding over after the expiration of his lease; and it applies whether the question arises directly in an action brought against the tenant to recover the possession, or in a collateral form in some other action. Wood v. Day, 7 Taunt. R. 646; Fleming v. Gooding, 10 Bing. R. 549 ; Taylor v. *224 Needham, 2 Taunt. R. 278; Cooke v. Loxley, 5 T. R. 4; Codman v. Jenkins, 14 Mass. R. 95; Inhab. of Watertown v. White, 13 Mass. R. 477; Galloway’s lessee v. Ogle, 2 Binn. R. 468; Graham v. Moore, 4 Serg. & Rawle 467; Willison v. Watkins, 3 Pet. R. 43; Marley v. Rodgers, 5 Yerg. R. 217; Wilson v. Smith, Ib. 379; Jackson v. Dobbin, 3 John. R. 223 ; Crabbe on Real Property 327; Arehbold on Landlord and Tenant 219. Nor is the rule varied where the tenant is in actual possession of the premises at the time he accepts a lease: he thereby as effectually recognizes the title and possession of the lessor, as if he had entered and taken possession under and by virtue of the lease itself. McConnell v. Bondry, 4 Munroe’s R. 392. The same rule is recognized in equity. Wilson v. Lord Townsend, 2 Ves. jr. R. 693; Attorney General v. Lord Hotham, 3 Russ. R. 415.
When once this relation of landlord and tenant is established by the act of the parties,' it attaches to all who may succeed to the possession through or under the tenant, whether immediately or remotely, the succeeding tenant being as much bound by the acts and admissions of his predecessor as if they were his own." Doe v. Mills, 2 Adolph, and Ell. 17 ; Doe v. Austin, 2 Moore and Scott, 107 ; Doe v. Burton, 9 Carr. & Payne, 254; Doe v. Lady Smythe, 4 Maule and Selw. 367 ; Jackson e. d. Vandeuzen v. Scissam, 3 John. R. 499. It has been suggested, however, that although a party succeeding a tenant in the possession is to be presumed to have taken as tenant also, yet that he may repel that presumption and escape being concluded by the acts and admissions of his predecessor, by showing that he did not take in that character, as by producing a deed from the tenant purporting, (as in this case,) to convey the premises in fee. But the contrary has been expressly decided; and it has been held that though the party purchase and. enter upon the. *225 premises under an absolute conveyance, he still, in judgment of law, is deemed to have entered as the tenant of the landlord, and to hold the possession-subject to all the duties and responsibilities appertaining to that character.
Anciently it was held that if the tenant alien the estate in fee by a mode of conveyance which had the effect of divesting the estate of the reversioner, such as a feoffinent, it was a forfeiture of the lease, and the lessor might enter. But this is now remedied in England by the statute, 8 and 9 Vict. ch. 106, § 4, which provides that a feoffment shall not have any tortious operation. But a ¡ conveyance under the statute of uses, such as the deed from Emerick to Alton, could not have the effect of a forfeiture, because it passed no greater interest than the tenant could lawfully convey, which was the interesse termini only;; and ¡this would not affect the rights and interests of the landlord. Bacon Ab. title Lease ; Archbold’s Landlord and Tenant 94. Thus Alton acquired, by the conveyance from Emerick and his transfer of the possession, as against the lessor Tavener, no greater right than that by which Emerick held the possession. He took the premises in the same plight and condition in which they were held by him,- and with all the duties and responsibilities, so far as Tavener was concerned, which could attach to Emerick himself. This doctrine, that a tenant cannot be permitted, by any act of his during the tenancy, or until' he surrenders the possession, to call in question his landlord’s title, is as well sustained in reason and justice, as it is supported by numerous authorities; and the good -sense and sound reason on which it is founded are very forcibly illustrated by the judge delivering the opinion of the court in the case of Wilson v. Smith, 5 Yerg. R. 379.
It is very clear, therefore, that Alton, after his acceptance of the deed, and of the possession of the land *226 from Emerick, stood in the same relation in respect of it to Tavener as Emerick himself, and upon Emerick’s disclaimephe was liable to be sued without notice to quit, and to be turned out of possession. Archbold’s Landlord and Tenant, p. 87; Jackson v. Wheeler, 6 Johns. R. 272; Jackson v. French, 3 Wend. R. 339; Willison v. Watkins, 3 Peters’ R. 43; Adams’ Eject. 105. But it is supposed that even if he be so liable, yet that Emerick having parted with title and possession, is so no longer. If this be so, then Emerick has certainly changed his relations to his lessor by his conveyance to Alton, and has greatly modified the duties and responsibilities which they had involved, as well as the rights which his lessor could previously have asserted. One of the clearest and most undeniable rights which Tavener'acquired ;by the lease to Emerick, was to receive peaceable possession of the premises upon the determination of the tenancy; and one of the plainest and most binding duties devolving upon Emerick was to surrender such possession. This is necessarily implied in every tenancy where not expressed; and in this case it was an express stipulation in the agreement of lease executed by the parties. A lessor may rest in security under a lease of his property to a tenant of his own selection, regarding the possession of his tenant as his own possession, held under his title and ready to be surrendered upon the determination of the tenancy; or if not surrendered, having a responsible man bound for it and for all costs that he may be compelled to incur if his tenant shall, by his own refusal or by putting others in possession who shall withhold the premises, render legal proceedings necessary to regain it. As Sir James Mansfield said, in Roe v. Wiggs, 5 Bos. & Pul., 330, “the tenant ought to be subject to the costs (of the suit for possession) if it be not delivered up by the under tenants; otherwise,, a landlord would be in danger of having a pauper put *227 into-possefes-i-on.” Accordingly, we find that where a tenant lets a portion of the premises to an under tenant, although on the determination of the tenancy he may have given a proper notice to his under tenant, and may have surrendered up all that part of the premises remaining under his control, he is still liable to his lessor in ejectment for the part withheld by his under tenant. Adams on Eject. 130. The case of Roe v. Wiggs, 5 Bos. & Pul. 330, was an action of ejectment by a lessor against his tenant to recover possession of the leased premises upon the determination of the lease. The defendant had sublet a part of the premises, and when served with notice to quit, he surrendered all that part retained by him, but his under tenants refused to quit the part underlet to them, and were in possession when the ejectment was served. It. was objected in that case on the part of the defendant (the original tenant) that he was not, but the subtenants were in possession at the time the ejectment. was brought; and that, although he might be liable. to an action of assumpsit for not delivering up possession, yet the default of others could not make him a. wrong doer in ejectment.1 The objection, however, was overruled, and there was a verdict for the plaintiff. A motion was made to set aside this verdict upon the ground that the original tenant ought not to be held answerable in this form; but the court held that the lessor could not be thus turned over by his tenant to regain his possession by a suit against a person who might be utterly irresponsible for costs, and that notwithstanding the transfer of his interest and possession by the tenant, he was still responsible to his lessor for the possession in an action of ejectment. And the same principle is recognized in the case of Pleasant e. d. Hayton v. Benson, 14 East’s R. 234, where it was held that notwithstanding a subletting by the ■tenant, the original tenancy as to the lessor, continued *228 in full force and undetermined. And as when the lessor is entitled to demand possession of the leased pre- and finds another in possession claiming under tenant, (whether as assignee, under tenant or purchaser, is immaterial, as we have seen, and he need . , not enquire,) he is clearly entitled to serve his ejectment upon him also, there could he no good reason i why he might not imite him and his own tenant in the {same action.
But it is supposed that if this be correct as to the action of ejectment, yet there may be á distinction between that action and the writ of unlawful detainer) given by our statute; and it is suggested that the lat-is a summary proceeding for the recovery of the very possession, against the party actually holding it and claiming it unlawfully; and that such an unlaw- ‘ —fuL detainer is a; tort in the nature of a trespass'committed (in the case in judgment) by Alton, for which jEmerick,' who had no control over him) should not be held responsible in a proceeding of this character. I do not perceive any good reason for a distinction upon this point between the action of ejectment and the writ of unlawful detainer. I regard the latter as the mere substitute for the former to recover possession in those cases in which theiright to the possession only is in controversyj/in which the plaintiff is required to show.no title to sustain his action, and in which the possession of the defendant has not continued more than three years (the statutory limitation in this form of proceeding) against the consent of the plaintiff; 7and upon whatever right and proofs he could main-in such a case an action of ejectment against the defendants, he can upon the same right and proofs maintain this proceeding.] As to the suggestion that the unlawful detainer is a tort in the nature of a trespass, for which the original tenant having no control over the party actually holding the possession ought *229 not to be held responsible, it may be remarked, that the foundation of the action of ejectment is a supposed trespass, and yet we have seen he is clearly liable in that action. It has been held that where a tenant disclaims to hold under his lease, (as Emerick is proved to have done,) he becomes thereby himself a trespasser; his possession then becomes a tortious one, and the lessor’s right of entry is complete; and he may sue at any time within the period of limitation. Willison v. Watkins, 3 Peters’ R. p. 43. But a party may unlawfully detain the possession from him having right, without being himself in the actual possession, but through the agency and instrumentality of another who is. Here Emerick conveyed to Alton with certain covenants of warranty, and placed him in possession; and Alton is not at liberty to surrender the possession to Tavener. He is required by Emerick to retain the possession against Tavener and all the world until lawfully evicted, on pain, if he surrender it, of periling his remedy on the covenants of warranty in Emeriek’s deed. Thus Emerick may be said in a certain legal sense, for the purpose of this remedy, to cause and procure Alton to commit this supposed trespass by unlawfully detaining the possession from Tavener; and thus he himself becomes, according to the well settled doctrine on that subject, a principal trespasser, and jointly liable as such with Alton, the immediate agent. 3 Stark. Ev. 1445, and authorities there cited.
In every view, therefore, I am of opinion that taking this instruction in connection with the evidence, it did not give a correct exposition of the law upon the subject to which it relates, and that the County court erred in giving it to thé jury; and consequently that the Circuit court did not err in directing that it should not be given upon a future trial.
The second instruction given on the motion of the *230 defendant was, that [under the lease given in evidence,^ in the absence of all other documentary testimony, the finding must be confined to the land in the actual 'occupancy of the defendants. This construction I think clearly erroneous. The plaintiff was not bound to show any title, and he had the right to show by parol testimony, if he could, what constituted the demised premises which he was entitled to recover. Crawford v. Morris, 5 Gratt. 90. The instruction was also calculated to mislead the jury in the terms in which it was expressed; and on both grounds I think the Circuit court properly directed it to be withheld from the jury on the future trial.
. The third instruction the County court refused to give; and I will only here remark in regard to it, that I deem it clearly erroneous, and that the court was right in so refusing.
The fourth instruction was given, and it was to the effect that^,unless the jury should be satisfied the defendants were in the joint occupancy of the premises, enjoying the same jointly, they could not be joined in this proceeding, and they must find for the defendants/This presents the same question which I have considered upon the first instruction; and I have nothing to add to the reasons already assigned, why both defendants might be properly joined. But the instruction is otherwise erroneous in directing the jury to find for both defendants, ievenjif they were not found in joint occupancy of the land; becausd. if the party who was found to have no participation in ^ the possession was entitled to a verdict in his favor, that was surely no reason why a verdict should pass also in favor of the other defendant who held the possession in severalty. I think the Circuit court properly directed this instructo be withheld upon the new trial.
Of the fifth instructión asked for by the defendants, -the object was to withdraw and exclude from the jury *231 the lease executed by Tavener and Emerick, unless the plaintiff should offer pome evidence of locality and boundary! This instruction the County court refused, and as I think, properly refused, to give. .
The sixth instruction was, that unless the jury should be satisfied from the evidence that both the defendants were in actual possession of some part of the land claimed by the warrant at the time it issued, they should find for the defendant who was not proved to be in the actual possession or occupation of any part. If this instruction had been confined in its operation to the defendant Alton, it might have been free from objection; but as it is made to embrace the defendant Emerick also, and to place him and Alton on precisely the same ground, making the measure of his responsibilities the same as that of Alton’s, it is in my view, for the reasons assigned in considering the first instruction, improper and erroneous; and the Circuit court did not err in directing that it should not be given on the new trial.
The seventh instruction was, that unless the jury were satisfied from the evidence that the defendant Alton had disclaimed the tenancy, or had had six months’ notice to quit, they must find a verdict in his favor. There was no privity of contract between Tavener and Alton. Alton entered into possession, claiming under a conveyance purporting to be in fee from the tenant Emerick, and if he had held expressly as under tenant of Emerick, it was neither necessary nor proper for the lessor Tavener to give him the half year’s notice to quit. Alton had done no act to acknowledge holding under Tavener, but on the contrary, entered upon the premises claiming to hold adversely in fee. All that it was necessary for Tavener to do to entitle him to recover possession from Emerick his tenant, and (Milan flatu, from Alton, was to determine the tenancy by the half year’s notice to quit to Emerick; *232 and that Emerick had rendered unnecessary by his formal disclaimer; as a tenant, by setting his landlord at defiance, 01' doing any act disclaiming to hold of him as tenant, forfeits his right to any notice to quit, and may proceeded against immediately. [And where a party claims to hold land in fee no notiee to quit is ever necessary. Adams on Eject. 124; Archbold’s “Landlord and Tenant” 87; Doe v. Long, 9 Carr. & Payne 773; Doe v. Grubb, 10 Barn. & Cress. 816; Jackson v. Deyo, 3 John. R. 422; Jackson v. Wheeler, 6 John. R. 272; Willison v. Watkins, 3 Peters’ R. 43 ; Pleasant v. Benson, 14 East’s R. 234; Roe v. Wiggs, 5 Bos. & Pul. 330. I think, therefore, there was no error in the refusal of the County court to give this instruction.
. The eighth instruction was, that if the jury should be satisfied the deed from Emerick to Alton covered all the land which Emerick had in possession under the lease from Tavener, then the possession of said Emerick passed to said Alton at the date of the deed, and he ‘ had not at the institution of the suit such a possession as would subject him to this action, and that the jury must find in his favor. Without stopping to criticise the terms of the instruction according to which the mere execution of the deed by Emerick sufficed to put Alton in possesion, although in fact he might still have retained the actual occupancy of the land, I will only remark that it raises exactly the same question of which I have already treated in considering the first instruction; and I have nothing further to add upon the subject. I am of opinion that the County court erred in giving this instruction, and that the Circuit court was right in directing it to be withheld on the new trial.
The last instruction asked for on the part of the defendant was, that the jury must be satisfied the^claim of the plaintiff had boundaries and'that the defendants *233 were within them; otherwise they must find for the defendants. The warrant was for the recovery of the precise tenement described in'the lease containing acres of land, and situated as therein described; and Emerick had, by executing the lease under his hand and seal, recognized the description and boundaries therein specified, and that he then held the same in possession and was within those boundaries. Neither he nor Alton, who claims under him, can now be entertained to deny that the tenement had its boundaries, as it would be in direct contravention of the rule which forbids a tenant from disputing the title of his landlord, or questioning the very possession which he acknowledges he had received from him.'- But if it were otherwise unobjectionable, the terms in which the instruction was expressed might by their vagueness and want of precision, serve to mislead the jury; and on both grounds, I think the County count should have refused to give it.
The first bill of exceptions taken by the defendant was to the opinion of the court permitting a certain enquiry to be made of one of the witnesses. The enquiry was, however, afterwards withdrawn by the plaintiff, and nothing was said by that witness or any other in response to it. I dismiss it therefore without further notice.
The second bill of exceptions taken by the defendant was to the exclusion of the documentary testimony offered by him to be read to the jury. It consisted of a grant from the commonwealth to one Israel Lacy for 30,000 acres, embracing the land in controversy, which issued on the 20th of January 1797, with a certificate from the auditor showing that it had been forfeited to the commonwealth for nonpayment of taxes ; also an entry made by Emerick of 100 acres of; land, and a suryey made for him of 117 acres of land,lying partly upon the 160 acres claimed by the plain *234 tiff, and a grant to liim for the same from the commonwealth, dated the 29th of February 1844; also an entrymade by one Josiah D. Wilson and one Jacob Cork of 65 acres, lying wholly upon the 160 acres c^a™e<^ ^y the plaintiff, and a grant to said Wilson and. Cork for the same, dated 10th of May 1844 ; also the commissioner’s books of Wood county, showing that the lands so patented to Emerick, and Wilson and Cork, .had been duly entered thereon for taxation, and the receipts for the taxes properly chargeable thereon. The plain object and pmpose with which the defendants sought to give this evidence to the jury, was to impugn and call in question the title of Tavener to land. This I have already shown they could not be permitted to do in this action; and the County court rightfully refused to permit the evidence offered to be given to the jury.
. The defendants then offered to give in evidence such of the papers before recited as, in their opinion, tended to prove that they had not possession of the land claimed by the plaintiff, or any part thereof; but the County court refused to permit any of the said papers to be read to the juryj and this refusal constituted the subject of the defendants’ third bill of exceptions. Had the County court done otherwise, it would have completely nullified the decision which they had just made', because-the defendants might have thought all of these papers tended to prove that they had not the possession of the premises. I do not perceive how any of those documents could tend to throw light upon the question, whether Emerick and Alton had the actual possession of the premises at the date of the warrant or not, and I consider it as wholly irrelevant to that enquiry. To admit any of these documents would have effectually enabled the defendants to escape the operation and effect of the rule denying to them the right to impugn the title of the lessor. I *235 think the County court was right in refusing to permit any of those documents to be given in evidence to the jury.
The defendants’ fourth bill of exceptions was to the opinion of the court refusing three of the nine instruetions which they had asked for, and which are set out also in the plaintiff’s first bill of exceptions. With regard to the first and second of these instructions, which are, in substance and effect, the same as the third and fifth instructions set out in the plaintiff’s first bill of exceptions, I will only remark, that I can perceive no ground upon which the lease from Tavener to Emerick should have been held, void for uncertainty, or excluded from the jury, unléss accompanied by evidence of the locality or boundaries of the land.) The lease was of a tract of land “ adjoining David Kinnaird,” and formerly occupied by Henry Dye, containing 160 acres, and of which the said Emerick thereby admitted, under his hand and seal, that he was then in possession. The description thus given of the premises was ¡much more precise than that required to be given in the complaint and warrant by the statute, and it was not for Emerick, I apprehend, to object that there was no proof of the boundary of the tenement| the locality of which he had distinctly recognized, and of which he acknowledged he held possession. J The plaintiff, if otherwise entitled, may recover 'according to the description in his warrant or that in the lease, or such part as the verdict may find, and he must then point out to the sheriff the premises of which he is to give him possession, at his peril; and if he take ¡more than he has recovered in the action) the court will interfere in a summary manner, and compel him to make restitution. Adams on Eject. 341; Jackson v. Rathbone, 3 Cow. R. 291; Camden v. Haskill, 3 Rand. 462.
■ The third of these instructions corresponds to the seventh of the series set out in the plaintiff’s first bill *236 of exceptions, and for the reasons then stated, I think the court was right in refusing to give it.
The defendants’ fifth bill of exception was to the opinion of the court overruling their objections to the ^ve seyera"i instructions asked for on the part of the plaintiff, and giving the same to the jury. The first of these instructions was, that if the jury believed Emerick entered into possession under the lease, but continued on the premises after the expiration of the term, he thereby became a tenant from year to year, according to the terms of the lease.^ The doctrine appears to be well settled, that where a tenant holds over after the expiration of his lease, and the lessor receives rent accruing subsequently to the expiration of the term, or does any act from which it may be inferred that he intends to recognize him still as such tenant, he becomes thereby tenant from year to year, upon the conditions of the original lease. Where, however, the lessor does no act recognizing a continued tenancy, the tenant holding over is but a tenant at sufferance, and not entitled to notice to quit. Adams on Eject. 110; Harding v. Crethorn, 1 Esp. R. 57 ; Doe v. Stennett, 2 Esp. R. 716; Bishop v. Howard, 2 Barn. & Cres. 100; Digby v. Atkinson, 4 Camp. R. 275 ; Hutton v. Warren, 1 Mees. & Welsb. 466; Jackson ex dem. Wood v. Salmon, 4 Wend. R. 327 ; Jackson v. McLeod, 12 Johns. R. 182 ; Wilde v. Cantillon, 1 John. Cas. 124, Jackson v. Raymond, Ib. 85, in n. In this case the tenancy created by the original lease terminated on the 1st of April 1840, and Emerick’s being suffered to continue in the possession for upwards of seven years afterwards, might be regarded as a sufficient recognition of the tenancy on the part of Tavener to create a tenancy from year to year. Certainly the defendants cannot complain that Emerick’s holding after the expiration of the original tenancy was placed on the more beneficial footing of a tenancy from year to year *237 rather than that of a tenancy by sufferance. I think the court committed no error in giving this instruction to the jury.
The second instruction moved for by the plaintiff embraced the substance of the first, excepting that the relation between Tavener and Emei’ick, after the expiration of the original term, was described as a tenancy generally, without calling it a tenancy for years, and with this addition, that this tenancy continued as long as Emerick remained thereon, unless it appeared that he had disclaimed such tenancy and asserted a right adverse to the plaintiff ;• and that in such case, unless such disclaimer and assertion of adverse right were brought home to the knowledge of the plaintiff more than three years before the institution of the suit, he was entitled to recover against Emerick. j It is clear, that possession of land, by the consent of the true owner, does not constitute adversary possession, and the possession of a tenant is the possession of his landlord; and liis";continuing in possession after the expiration of his term, as we have seen, creates,, an implied tenancy and is,'no’ disseisin of the landlord. Atherton v. Johnson, 2 New Hamp. R. 31; Jackson v. Raymond, 1 John. Cas. 85, in notis. Nor is his conveyanee in fee a disseisin, unless at the election of the landlord. Jackson v. Davis, 5 Cow. R. 123. It is true it has been held that a tenant may by disclaimer, or by claiming the fee adversely in his own right or that of another, convert the possession held under his landlord into a tortious and adversary possession. Willison v. Watkins, 3 Peters’ R. 43. But I apprehend if this doctrine is to be sustained, he must at least give his landlord, who is reposing under the security of the tenancy, believing his tenant’s possession his own possession, full notice of such disclaimer or assertion of adverse title. It was said by the judge delivering the opinion of the court in the case of Wilson v. Weathers- *238 1 Nott & McCord, 373, that there must he a surrender of the possession to the landlord, or a distinct bona fide abandonment of it at least, to put the tenan't in a condition to dispute the lessor’s title. Me cannot be permitted to do so while he remains in possession. He has a right to purchase any title he pleases, but he is bound bona fide to give up possession and to bring his action, and recover by the strength of his own title. The relation between landlord and .¿/''tenant is said to be in this respect similar to that between tenants in common, 3 Peters’ R. 51; and it has been held with regard to the latter, that a silent possession by one tenant in common, accompanied with no act which can amount to an ouster or give notice to his cotenant that his possession is adverse, should not be construed into an adverse possession. Marshall Ch. J., delivering the opinion of the court in McClung v. Ross, 5 Wheat. R. 116, 124; Purcell v. Wilson, 4 Gratt. 16. Still less it seems to me, would such a possession by a party coming in as a tenant, after the expiration of his term amount to an adversary possession. I think the court did not err in giving this instruction to the jury.
■ The third instruction asked for by the plaintiff embraced the substance of the second, and further sought an expression of opinion on the part of the court, that the defendant Alton, by entering on part of the land as purchaser from Emerick, thereby became subject to the same relations held by Emerick towards his lessor Tavener, and neither could set up an adverse title without showing that they had returned the possession ; and that unless such possession had been restored to the plaintiff, or held adversely by the defendants for more than three years before the institution of this, suit, the jury should find for the plaintiff. This instruction is entirely in unison with the views I have already .expressed, and I think it unnecessary to add *239 anything further to them. I will only remark that the instruction seems to be fully and directly sustained upon that branch relating to the plaintiff’s right recover, by the opinion of the court in the case of Willison v. Watkins, 3 Peters’ R. 43. I think the County court committed no error in giving this instruction to thejury.
The fourth instruction embraced nothing, more than did.the second and third instructions, excepting perhaps the intimation to the jury, that if the tenancy claimed by Tavener to exist were established to their satisfaction, one of its legal consequences was, that the defendants could no more deny that the possession under which Emerick entered was the possession of his lessor, than he could controvert his title. This proposition was but a corollary from those already asser ted, and entirely free from objection, for the reasons I have already endeavored to assign.
The last instruction asked for on the part of the-plaintiff, raises the same question which I have already fully considered in expressing my views upon the first instruction asked for on the part of the defendants, and to them I have nothing further to add. I think the County court was right in giving this instruction.
The last question in the cause is that arising upon the plaintiff’s bill of exceptions to the opinion of the County court overruling his motion for a new trial,foil the ground that the verdict was contrary to the evidence and the instructions of the court.J The Circuit court reversed the judgment of the County court,' upon the ground that that court erred in giving thq instructions asked for by the defendants, and also erred in not granting the plaintiff a new trial, on the ground that the verdict was contrary to the evidence.' The plaintiff" proved, that he had let the premises to' Emerick for one year, commencing on the 1 st day of *240 January 1839, by a lease in writing, and signed and sealed by both parties, containing stipulations for the of rent, against waste, and for the peaceable surrender of the premises at the end of the term: the ^ease a^s0 rec^ed that Emerick was in -possession of the land at its dateA- He further proved that he had claimed the land as his for a number of years previously, and had made a verbal contract for the sale thereof to one Dye, about the year 1834, under which the said Dye took possession of it, built a cabin upon it, into which he moved his family, and lived upon the land some two or three years, during which time he cleared a small portion of it, and afterwards rented it for a year or two to subtenants; that without completing his purchase, and learning from Emerick that he had leased the land of the plaintiff, he, Dye, abandoned the possession. The plaintiff further proved, that on the 14th of April 1847 Emerick sold and conveyed by deed, with certain covenants of warranty, a tract of land, containing 46£ acres by metes and bounds, lying in Wood county on Stillwell’s creek, together with another tract adjoining the foregoing, containing 39 acres, also described by metes and bounds; covenanting to repay the purchase money and interest for the first described tract, if his title thereto should be superseded by a better within two years from the 1st of April 1846, and to,warrant generally the title to the other tract. / He further proved that Emerick owned and lived on the David Kinnaird farm, which adjoined the land in controversy, and had occupied the improvement made by Dye on said land by cultivating the same, until within about two years, when he put the defendant Alton thereon under the deed aforesaid; and he further proved, that about the middle of November 1847 he produced the lease aforesaid, and demanded rent of Emerick for the premises; that Emerick acknowledged the lease to be his, but refused to *241 pay rent, and that he, plaintiff, then demanded possession of the leased premises, and that Emerick refused to surrender the same, denied the plaintiff’s title, and said he would neither pay rent nor surrender possession. The plaintiff here closed, and the defendants gave no testimony whatever tending to impair the plaintiff’s right to recover upon the case so made. And upon this case I think it clear the plaintiff was entitled to recover, though as to the extent of his recovery, and whether on this joint action against Emerick and Alton, it must not he confined to that portion of the land of which Alton was placed in possession under his deed, I do not mean to he understood as expressing any opinion; the question not now arising in the case. I think, therefore, the County court erred in not setting aside the verdict, and granting the plaintiff a new trial.
And upon the whole case I am of opinion that there is no error in the judgment of the Circuit court, and that the same should he affirmed with costs.
The other judges concurred in the opinion of Lee, J.