ROBERT F. MATHEWS *vs.* HERBERT E. CARLTON.

Worcester.    October 3, 1905. — October 18, 1905.

Present: KNOWLTON, C. J., LATHROP, HAMMOND, LORING, & BRALEY, JJ.

*Landlord and Tenant,* Whether relation exists.    *Frauds, Statute of.*

One who orally agrees to hire a tenement at a monthly rent for a period beginning at a future day, and, before that day, moves certain goods into the tenement with the consent of a tenant then in occupation of it, and, also before that day, moves his goods out and refuses to take the tenement, is not liable to the land-

lord for the rent of the tenement for the month following the day on which by the oral agreement his occupation was to begin.

Under R. L. c. 74, § 1, cl. 4, no action can be maintained on an oral agreement to hire a tenement.

KNOWLTON, C. J.   This case comes before us on an agreed statement of facts, by which it appears that, in the early part of June, 1904, the defendant "orally agreed to hire a tenement of the plaintiff . . . at twenty-five dollars per month, beginning on the first day of July, 1904." The tenement was then occupied by a tenant who was to hold it until July 1, 1904, and who paid the plaintiff his rent up to that date. With the consent of this tenant, who then was occupying the tenement, the defendant moved a part of his goods into the tenement. The tenant afterwards moved out, and the defendant moved other goods in, but subsequently, before the first day of July, moved all the goods out and notified the plaintiff that he should not take the tenement. The question is whether the defendant is liable to the plaintiff for rent for the month of July. His moving a part of his goods into the house in June, with the consent of the tenant then in possession, and his subsequent removal of them before the expiration of the term of the tenant, does not affect his rights. He was not in possession under his contract with the plaintiff, and he never became a tenant of the plaintiff. He never entered under his agreement, but on the contrary, before the time when his term was to begin, he gave the plaintiff notice that he should not enter.

By the R. L. c. 127, § 3, it is provided that an estate or interest in land, created without an instrument in writing signed by the grantor or his attorney, shall have the force and effect of an estate at will only, and that "no estate or interest in land shall be assigned, granted, or surrendered unless by such writing or by operation of law." The oral agreement, therefore, gave the defendant no estate or interest in the land, and under this section, as well as under R. L. c. 74, § 1, cl. 4, no action could be maintained for the enforcement of it.

The plaintiff's declaration contains two counts, one for so-called rent or for use and occupation, and the other for damages for a breach of the oral agreement. The first count cannot be maintained, because the relation of landlord and tenant never

existed between the parties. The defendant declined to become the plaintiff's tenant, before the time fixed for the beginning of the term. There can be no liability of this kind without an occupation by a tenant, actual or constructive, as well as a contract, express or implied. *Rogers* v. *Coy*, 164 Mass. 391. *Bacon* v. *Parker*, 137 Mass. 309, 312. *Central Mills* v. *Hart*, 124 Mass. 123. *Leonard* v. *Kingman*, 136 Mass. 123. *Merrill* v. *Bullock*, 105 Mass. 486. *Eastman* v. *Anderson*, 119 Mass. 526, 531. *Larkin* v. *Avery*, 23 Conn. 304.

The second count is upon an agreement which is within the statute of frauds. R. L. c. 74, § 1, cl. 4. *White* v. *Wieland*, 109 Mass. 291. *Parker* v. *Tainter*, 123 Mass. 185.

*Judgment for the defendant.*

*J. H. Mathews*, for the plaintiff.
*R. B. Dodge & W. J. Taft*, for the defendant.