# CHARLESTON.

FIRST ENGLISH EVANGELICAL LUTHERAN CHURCH OF WHEELING *et al. v.* ARKLE.

## Decided March 9, 1901.

1. CHURCH PROPERTY—*Lease—Ownership.*

Where one leases a lot from the trustees of a church, in an action of unlawful detainer by such trustees against him for recovery ot possession he cannot set up that the churcu holds the lot in violation of section 1, chapter 57, Code, limiting the ownership of real estate by a church to so much as may be necessary as a place of public worship, or burial place, or residence of a minister. None but the State can attack such ownership, as violating that statute. (p. 93).

2. UNLAWFUL DETAINER—*Landlord's Title.*

In an action of unlawful detainer by a landlord against a tenant, the tenant cannot deny the landlord's title. (p. 94).

3. CONVEYANCE—*Possession—Want of Title.*

When one is let into possession of land under a conveyance from another, and enjoys the property, he cannot set up want of title in such other person, or his incapacity to convey, to de-

feat an action by such other person for the recovery of possession. (pp. 94, 95).

Error to Circuit Court, Ohio County.

Action by the First English Evangelical Lutheran Church of Wheeling, West Virginia, and others, against George Arkle. Judgment for plaintiffs, and defendant brings error.

*Affimed.*

W. W. ARNETT and JOHN O. PENDLETON, for plaintiff in error.

HOWARD HANDLAN, for defendants in error.

BRANNON, PRESIDENT:

The First English Evangelical Lutheran Church of Wheeling and its trustees brought an action of unlawful detainer before a justice of Ohio County against George Arkle, to recover possession of a part of the lot of land owned by said church near the northeast corner of Sixteenth and Chapline streets, Wheeling, fronting sixteen feet on Sixteenth street, and running back therefrom twenty feet, and recovered judgment, and Arkle took an appeal to the circuit court, where, upon the evidence of the plaintiffs, the defendant offering none, the court directed a verdict for the plaintiffs and rendered judgment for them for the recovery of possession and damages for the detention of the property. Arkle then obtained this writ of error.

There is no color for this writ of error. Granting that the question on which Arkle would reverse the judgment is properly presented, that question is, that the church and its trustees had no power to acquire and own the property sued for, because by the Code a church can only hold land as a place of public worship or as a burial place, or as a residence for its minister. What is that to Arkle? If the church violated the statute in holding this property, which likely it did not, only the State, not an individual, can complain. In *Bank* v. *Poiteau,* 3 Rand. 136, a party purchasing land from a bank and sued for specific performance, set up the defense that the bank was not authorized by its charter to acquire and sell the property, and could only hold as much as was requisite for its business, and it was held that the bank could purchase more than was so necessary, and sell it,

and that the defendant could not resist performance of his purchase by claiming that the bank exceeded its power in buying and selling the property. It is settled that corporations cannot be deprived of their real estate or denied capacity of ownership in merely collateral proceedings, or at all by individuals. The State can alone attack their ownership. *Rivanna Nav. Co.* v. *Dawson,* 3 Grat. 19; *Wroteen* v. *Armat,* 31 Grat. 228; Angell, Corp. s. 152; *Reorganized Church of Latter Day Saints* v. *Church of Christ,* 60 Fed. 937.

Another reason decisive of the case against Arkle is that he leased the property from the church and its trustees and held under them as their tenant, and the old doctrine that a tenant cannot deny his landlord's title, forbids him to impeach the title of his lessor. *Voss* v. *King,* 38 W. Va. 608. In *Allen* v. *Paul,* 24 Grat. 232, one Methodist church allowed another to use real estate which the former church was not using, and in an action of unlawful detainer to recover possession, the Court held that the second church having accepted and acknowledged possession under the first, occupied the position of tenant to a landlord, and that questions of authority and power to make any agreement concerning the property were immaterial in any view, and also that the trustees had a right to sue for the property.

Another view against Arkle. His lease bound him to pay rent or give up the property. Such was his contract. He put that forfeiture clause in the lease. He has enjoyed that lease, "Where it is a simple question of authority to contract arising on a question of regularity of organization or of power conferred by the charter, a party who has had the benefit of the agreement cannot be permitted in an action upon it to question its validity. It would be in the highest degree inequitable and unjust to permit a defendant to repudiate a contract the benefit of which he still retains." *Union National Bank* v. *Mathews,* 98 U. S. 621. A corporation conveyed land upon condition that if the grantee should sell or manufacture intoxicating liquors on the premises, the title should revert to the grantor, the grantee taking possession was held to be estopped from denying the validity of the title conveyed or the corporate existence of the grantor, when sued by the grantor for the premises, upon breach of the condition. *Cowell* v. *Colorado Springs Co.,* 100 U. S. 55. The authorities cited for the proposition that contracts founded on a violation of law are void, have no application. It cannot be that

any man can accept a lease from a church of its property, take possession, and when sued for the rent or possession, plead a want of authority either in the church to hold the property, not just then wanted for religious purposes, or to lease it. Furthermore, we cannot say from the evidence that the church may not at any time want this property to enlarge its church, if it has one now, or to build one, or for a minister's residence, or for a Sabbath school building. But that is immaterial in this case.

The defendant makes the point that the justice was a justice of one district and summoned the defendant to appear before him in another. It does not appear of record that the defendant relied upon this point in either of the courts below. The summons does not disclose the defect, though the justice's docket would establish it. However, this defect was such a one as the defendant could waive, and did waive by making no exception on that score.

The jury found one hundred and fifty-six dollars and twenty-one cents damages for the detention of the property. The summons demanded the property and damages for its detention, specifying no amount. The justice allowed it to be amended by making the summons demand fifteen dollars damages for detention. The question then is whether the verdict could exceed fifteen dollars. The justice's law giving the amount of damages to be demanded, as found in chapter 50, section 26, in the form there given, does not apply to the case. It is section 212 of that chapter that applies to an action of unlawful detainer, and it provides that the summons shall demand possession and damages for its detention. I do not think it essential to specify the damages in the summons in this statutory action, the statute not requiring it. I hardly think the amendment would limit the recovery in the action, as section 214 requires the jury to assess the plaintiff's damages. I do not think that this is a fatal defect in an action before a justice. Section 169 admits all evidence without regard to the judgment of the justice upon the trial of an appeal. I hardly think the specification of fifteen dollars by amendment of the summons tied the plaintiff down to that sum. We affirm the judgment.

*Affirmed.*