[No 1335, February 1, 1911.]

MELVIN E. WOODLING, Plaintiff in Error, v. SE-CUNDINO ROMERO and ENRIQUE SALAZAR, Defendants in Error.

### SYLLABUS (BY THE COURT).

1. In an action for libel the amount of damage alleged and claimed in the complaint fixes "the value of the property in dispute" for the purposes of Laws 1907, Chapter 57, Section 34, which requires the record to be printed, where the amount in dispute exceeds one thousand dollars.

2. Under Rule 4, Section 2, of this court, requiring the filing of the printed record on or before the return day, the absence of such a printed record on the call of the case for argument will, unless good cause be shown for the omission, result in the dismissal of the writ of error.

Appeal from the District Court for San Miguel County, before WILLIAM J. MILLS, Chief Justice. Writ of Error dismissed.

G. VOLNEY HOWARD and BOWMAN & DUNLAVY for Plaintiff in Error.

The value of the property involved in a suit for libel is not determined by the amount of damages asked by the plaintiff in his complaint. Dunlap v. Toledo Ry. Co., 50 Mich. 470; Works Jurisdiction of Courts 59; Wilson v. Daniel, 3 Dallas 403.

Statute requiring brief and transcript to be printed should not be oppressively or technically construed. Armijo v. Abeytia, 5 N. M. 537; Mora v. Schick, 4 N. M. 301; Deemer v. Falkenburg, 4 N. M. 149; Omaha Coal & Coke Co. v. Fay, 37 Neb. 68, 55 N. W. Rep. 211; citing Bazzo v. Wallace, 16 Neb. 290, 20 N. W. Rep. 315; Thompson v. Lea, 28 Ala. 458; Boone v. Poindexter, 12 Smedes & Marshall 640; Dayton v. McIntyre, 5 How. Pr. Rep. 117; Spencer v. Thistle, 13 N. W. Rep. 208; H. & G. I. R. R. v. Gregolds, 13 Neb. 279, 13 N. W. Rep. 403.

CHARLES A. SPIESS, C. W. G. WARD and LUIS C. ILFELD for Defendants in Error.

The word "property" in dispute is equivalent to amount or matter in dispute. Laws of 1907, Chapter 57, Section 34; Dunlap v. Toledo Ry. Co., 50 Mich. 470; Seaman v. Clarke, 69 N. Y. Supp. 1002; Powers v. Harlow, 57 Mich. 107; Cooney v. Lincoln, 37 Atl. 1031; Berger v. Jacobs, 21 Mich. 219; Leonard v. Pope, 27 Mich. 146; 32 Cyc. "property" 669; Work Jurisdiction of Courts 59; Wilson v. Daniel, 3 Dallas 403.

### OPINION OF THE COURT.

POPE, C. J.—The present writ of error was sued out cn June 10, 1910, a typewritten transcript of the record was filed October 20, 1910; and the cause was assigned for hearing on January 23, 1911. When reached in its order on the latter date, it was on stipulation of counsel passed for argument to January 30. No printed record having been then filed, defendant in error moves for a dismissal. The

Woodling v. Romero, et al., 16 N. M. 55.

Appellate Practice Act of 1907, (Laws 97, ch. 57, sec. 3) requires printing of the record when "the amount of the judgment to be reviewed or the value of the property in dispute shall exceed one thousand dollars." The damages alleged and claimed was five thousand dollars and the verdict was for the defendant. The plaintiff in error contends that the present controversy does not involve the statutory amount, for the reason that the property in dispute is an unliqui-dated claim for damages and its value is not necessarily in excess of one thousand dollars since the jury might find less. We cannot, however, accede to this contention. The plaintiff says by his complaint that he has been damaged in the sum of five thousand dollars. He so contends in the court below. Upon the present pleadings he would be committed to the same contention were the cause remanded. He will not be allowed to claim one amount for trial purposes and to minimize that amount for appellate purposes. By the measure of his pleadings he must be judged no less in this court than in the court below. We hold, therefore, first, that a claim for damages arising out of tort is "property in dispute" citing 32 Cyc. 669; Berger v. Jacobs, 21 Mich. 219; Cooney v. Lincoln, 20 R. I. 183, 37 Atlantic 1031. We further hold that in cases of this character the estimate put by plaintiff upon the amount of damages fixes the status for appellate purposes. We find nothing in the later authorities which changes the rule announced on this point in Wilson v. Daniel, 3 Dallas, 403-4, where it is said: "The nature of the case must certainly guide the judgment of the court, and, whenever the law makes a rule, that rule must be pursued. Thus in an action of debt on a bond for one hundred dollars, the principal and interest are put in demand, and the plaintiff can recover no more though he may lay his damages at ten thousand dollars. The form of the action therefore, gives in that case the legal rule. But in an action of trespass, or assault and battery, where the law prescribes no limitation as to the amount to be recovered, and the plaintiff has a right to estimate his damages at any sum, the damage stated in the declaration is the thing put in demand, and presents the only criterion

to which, from the nature of the case, we can resort in settling the question of jurisdiction. The proposition, then, is simply this: Where the law gives no rule the demand of the plaintiff must furnish one; but where the law gives the rule, the legal cause of action and not the plaintiff's demand must be regarded." We find nothing in Gordon v. Ogden, 3 Peters 33 ; Hilton v. Dickinson, 108 U. S. 165; and Barry v. Edmunds, 166 U. S. 550, which modifies Wilson v. Daniel as applicable to cases where, as here, a plaintiff claiming in excess of the jurisdictional sum appeals from the general verdict for defendant.

It is stated, however, that even if the statute requires printing, neither the statute nor our Rule 4, Section 2, (which requires the filing on or before the return day of printed copies of the record) imposes any penalty for non-compliance. However, a failure to comply with the rule has always been treated by this court, at least inferentially, as a ground for dismissal. Thus, in Mora v. Schick, 4 N. M. 301, a dismissal sought on this ground was refused solely because the record showed the amount involved to be less than one thousand dollars. Likewise in Deemer v. Falkenberg, 4 N. M. 149, a similar motion was denied because the record did not clearly show the amount involved to exceed one thousand dollars. We deem these cases as at least indicative of the views of this court upon this point. In the Federal Supreme Court the failure to print the record on or before the call of the case for argument is treated as a ground for dismissal. True, there is in that court a rule inflicting this penalty. **2** But we deem it, independent of a penalty fixed by rule, the proper sequence from a failure to comply with a rule reqiring a printed record that the writ should be dismissed if there be no printed record before the court at least when the case is reached for argument. To enforce the rule at all the court in the presence of such a condition must either dismiss or postpone the case, and the latter would often work a hardship upon a diligent defendant in error, who is entitled to have his cause disposed of. There may be cases where good cause shown will, as in the case of failure to file the record or to file assign-

ments of error, lead to a relaxation of the rule, but no such cause is shown in the present case. The writ of error is dismissed.