UNITED FUEL GAS COMPANY *et al. v.* WILLET HILL *et al.*

(No. 7239)

Submitted February 24, 1932.   Decided March 22, 1932.

*Harold A. Ritz* and *B. J. Pettigrew,* for appellants.
*Russell W. Morris,* for appellees.

LITZ, JUDGE:

Rebecca Smith, being the owner of two adjoining tracts of land, containing 146 acres and 12 acres, respectively, situate on the left hand fork of Mud River in Boone (now Lincoln) County, by deed dated September 10, 1883, (in which her husband, Ezekiel, joined) granted to "the Missionary Baptist Church", and Allen Griffith, Lorenza McNealey and Henry Dotson, as trustees thereof, a portion of said land containing 1-3/4 acres, more or less, "Beginning on a black walnut standing at a drain above the Church house; thence N. crossing the said Left Hand Fork about 18 poles to a black oak standing on a hillside about a straight line from walnut to oak; thence S. around the hillside about 21 poles to a black oak, standing near a chestnut and hickory and on the East side of a small drain thence a straight line down the hillside bout 9 poles to three small walnuts standing on the bank of the said Left Hand Fork about 10 poles

to a forked chestnut standing on top of a rock cliff thence E. around the hillside about a straight line 20 poles to the place of beginning.'' The conveyance provides: ''Now should this Church House fail to be used as a place for holding religious services in for one year, then the title to the described tract of land shall fall back to the parties of the first part (grantors), together the said Church House, to them their heirs or assigns.'' Thereafter, by deed, dated February 18, 1889, the Smiths granted in fee to Thomas A. Griffith 87 acres, including the church lot, of the 158 acre boundary. By mesne conveyances, the title of Griffith to 87 acre parcel became vested in Horse Creek Land & Mining Company, a corporation, October 29, 1907. On the same date, Horse Creek Land & Mining Company leased the property to South Penn Oil Company, a corporation, for the production of oil and gas. June 10, 1910, South Penn Oil Company assigned its gas rights under the lease to United Fuel Gas Company, a corporation, which soon thereafter drilled on the land several gas wells that have continued to produce gas in paying quantities. By writing dated November 18, 1929, R. E. Vickers, Willet Hill and Delilah Mullens, as trustees of ''the Left Hand Fork Missionary Baptist Church'' and as special commissioners of the circuit court of Lincoln county, attempted to lease the church lot for oil and gas purposes to J. V. Kingrey and W. L. Wilkerson, who later assigned their rights to Homer L. Hager. This suit was instituted by United Fuel Gas Company, South Penn Oil Company and Horse Creek Land & Mining Company against Willet Hill, Delilah Mullens and R. E. Vickers, as trustees of ''the Left Hand Fork Missionary Baptist Church'', Vess Swanson, Hal Black and Lee Sanson, doing business as Black Drilling Company, J. B. Kingrey, W. L. Wilkerson, Homer L. Hager, A. F. Black and E. W. Connor, for the purpose of enjoining Black, Connor, Swanson, Black and Sanson, acting under Hager, from drilling said lot for oil or gas. From a decree denying relief, plaintiffs have appealed.

The sole question for determination is the legal effect of the deed from Rebecca Smith and husband to the church.

12

Section 47, Article VI of the state constitution declares: ''No charter of incorporation shall be granted to any church or religious denomination. Provisions may be made by general laws for securing the title to church property, and for the sale and transfer thereof, so that it shall be held, used, or transferred for the purpose of such church, or religious denomination.'' Section 1, chapter 57, Code 1923 (in effect at the date of the instrument) provides that ''every conveyance, devise or dedication which has been made since the first day of January, one thousand seven hundred and seventy-seven, and every conveyance of land which shall hereafter be made for the use or benefit of any church, religious sect, society, congregation or denomination, *as a place of public worship, or as a burial place,* or as *a residence for a minister,* shall be valid, and shall be construed to give the local society or congregation of such church to whom it was so conveyed, devised or dedicated, the control thereof, except as herein provided; and *the land shall be held for such purpose and no other.''* Section 7 of the same chapter limits the amount of land a religious organization may hold for ''such purpose'' to four acres within, and sixty acres without, an incorporated city, town or village. For want of interest in another, the state alone (it would seem) may enforce the restrictions of section 1 *(First English Angelical Luthern Church of Wheeling et al* v. *Arkle,* 49 W. Va. 92, 38 S. E. 486), and section 7 *(State* v. *American Baptist Home Mission Society,* 96 W. Va. 447, 123 S. E. 440) upon the ownership and use of real estate acquired in fee by a religious organization. The conveyance under consideration, however, reserved such interest in the land to the grantors as would have entitled them to enforce the provisions of the statute, as a part of the deed, limiting the use of the land to a place of public worship, a burial place or as a residence for a minister. The instrument by express terms goes even further than the statute, in declaring that the title shall revert upon the discontinuance for a year of the use of the ''church house'' on the lot for religious services. Plaintiffs, having succeeded to the rights reserved in the grantors, may enjoin the unauthorized use.

In *United Fuel Gas Co.* v. *Morley Oil & Gas Co.*, 102 W. Va. 374, 135 S. E. 399, where land was conveyed to a school board "to be exclusively appropriated and used as a site for a schoolhouse and school", it was held that the subsequent assigns of the grantors may enjoin the operation of the property for oil or gas by lessees of the board.

The decree of the circuit court will be reversed and a decree entered here, granting the relief prayed.

*Reversed and entered.*